FOR PUBLICATION

```
               IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. THOMAS AND ST. JOHN

                                     )
THE BANK OF NEW YORK,                )
                                     )
          Plaintiff,                 )
                                     )
          v.                         )    Civil No. 2008-88
                                     )
UNITED STATES SMALL BUSINESS         )
ADMINISTRATION, DAVID O'NEAL, BERYL  )
O'NEAL, and JULIAN TURNBULL,         )
                                     )
          Defendants.                )
_____)
```

**APPEARANCES:**

**Nycole A. Thompson, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff,*

**Joycelyn Hewlett, AUSA**
St. Thomas, U.S.V.I.
    *For the United States Small Business Administration,*

**Christopher Johnson, Esq.**
St. Thomas, U.S.V.I.,
    *For David O'Neal, and Beryl O'Neal*

**Julian Turnbull,**
No. 14-43 Estate Thomas, St. Thomas, U.S.V.I. 00802,
    *Pro se defendant.*

**MEMORANDUM OPINION**

Before the Court is the motion of the Bank of New York ("BNY") for partial summary judgment against David O'Neal and Beryl O'Neal (the "O'Neals").[1] The Court has reviewed the motion and supporting materials, and lays out its findings below.

**I. FACTUAL & PROCEDURAL HISTORY**

The O'Neals own certain real property described as Remainder Parcel No. 31 and Parcel No. 30A, Estate Fortuna (former Military Reservation) No. 8 West End Quarter, St. Thomas, U.S. Virgin Islands, as shown on P.W.D. No. D9-2306-T83, dated February 23, 1983 (the "Property").

On or about April 8, 1983, the O'Neals executed a promissory note (the "Note") in favor of Barclays Bank International, Ltd. ("Barclays"), in which they promised to pay Barclays the principal amount of $122,000, plus interest at a rate of 5% per annum.

As security for the repayment of the Note, the O'Neals gave Barclays a mortgage (the "Mortgage") covering the Property. The Mortgage, dated April 8, 1983, was recorded with the Recorder of Deeds for the District of St. Thomas and St. John, United States Virgin Islands (the "Recorder"), on April 12, 1983, in

---

[1] BNY has also moved for default judgment against Julian Turnbull ("Turnbull"). That motion will be addressed separately.

Book 24-M, page 255, as document number 1283.

On October 10, 1997, Barclays executed an Assignment of Deed of Trust (the "Assignment") in favor of the Bank of New York ("BNY"), a corporation "organized and existing under the laws of New York." (Compl. 1, ¶ 1, Jan. 2, 2008.) The Assignment conveyed all of Barclays' rights, title, and interest in the Mortgage to BNY.

The Mortgage provided for the Mortgagee to pay any taxes, assessments, and sewer rents or water rates if the O'Neals failed to pay the same within 30 days. The Mortgage was silent as to the manner and terms of how any monies advanced by the Mortgagee on behalf of O'Neal were to be calculated and applied for reimbursement purposes. (Pl.'s Mem. Supp. Summ. J., Ex. B ¶¶ 4,5)

On or about May 6, 2006 Wells Fargo Home Mortgage ("Wells Fargo"), acting as loan servicer for BNY, opened an escrow account for sums advanced on behalf of the O'Neals in payment of property taxes and insurance. The beginning balance of said escrow account was $14,339.85. (Def.'s Resp. To Pl.'s Mot. for Summ. J., Ex. B ¶¶ 4,5)

Julian Turnbull ("Turnbull") holds a construction lien in an unspecified amount against the Property, which was recorded with the Recorder on December 13, 1983 in Lien Book Const. I, Page 367, as Document No. 57. The United States Small Business

Administration (the

"SBA") holds a mortgage in the amount of $42,500.00 (the "SBA Mortgage") covering the Property. The SBA Mortgage was recorded with the Recorder on January 3, 1990 in Book 35-E, Page 9, as Document No. 33.

On November 21, 2008, BNY filed a motion for partial summary judgment on its complaint against the O'Neals. The motion was accompanied by a statement of material facts, as required by Local Rule of Civil Procedure 56.1(a)(1). *See* LRCi 56.1(a)(1) (providing that summary judgment motions shall be accompanied by "a separate statement of the material facts about which the movant contends there is no genuine issue," and that "[e]ach fact paragraph shall be serially numbered and shall be supported by specific citation to the record").

On December 8, 2008, the United States Magistrate Judge entered an order staying the O'Neals' obligation to respond to the summary judgment motion pending settlement negotiations. On April 13, 2009, this Court entered an Order lifting the December 8, 2008, stay and directing the O'Neals to respond to the summary judgment motion by April 23, 2009.

On April 22, 2009, Christopher R. Johnson, Esquire filed a notice of appearance on behalf of the O'Neals in this matter. On April 23, 2009, the O'Neals filed a motion for an extension of

time within which to respond to the summary judgment motion, on grounds that Johnson needed time to review the file. On May 13, 2009, the Court granted the motion for an extension of time and ordered the O'Neals to respond to the summary judgment motion by May 29, 2009. On May 22, 2009, the O'Neals filed an opposition to the summary judgment motion.

A hearing on the summary judgment motion was conducted on July 24, 2009. At the conclusion of the hearing, the Court took the matter under advisement. On July 27, 2009, the O'Neals filed a motion for leave to supplement their opposition to BNY's summary judgment motion.

Neither the O'Neals initial opposition to BNY's summary judgment motion nor their proposed supplement to the opposition included or were accompanied by any response to BNY's statement of material facts as required by Local Rule of Civil Procedure 56.1(b).[2] The Court ordered the O'Neals file an opposition which

---

[2] Local Rule of Civil Procedure 56.1(b) provides, in relevant part, that a party adverse to a summary judgment motion
> must address the facts upon which the movant has relied pursuant to subsection (a)(1), using the corresponding serial numbering and either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. The respondent shall affix to the response copies of, and cite to, the precise portions of the record relied upon as evidence of each material fact. In addition, the respondent may file a concise statement of any additional facts that the respondent contends are material to the motion for summary judgment and as to which the respondent contends there exists a genuine issue to be tried.

complied with the Local Rules and denied their motion for leave to supplement their opposition to BNY's summary judgment as moot.

On August 19, 2009, the O'Neals filed an opposition to BNY's summary judgment motion, complying with the requirements of Local Rule 56.1(b). On September 15, 2009, BNY filed a reply to the O'Neals opposition to BNY's motion for summary judgment. We will turn now to BNY's motion for summary judgment.

## II. DISCUSSION

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Hersh v. Allen Prod. Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy,* 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or … vague statements …

---

LRCi 56.1(b).

.″ *Quiroga v. Hasbro, Inc.,* 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). In making this determination, the Court draws all reasonable inferences in favor of the non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002).

### III. ANALYSIS

In support of summary judgment, BNY provides the Note and Mortgage and the affidavit of Cheryl Samons, an authorized officer of BNY. According to Samons, the O'Neals executed and delivered a Mortgage Note binding them to pay $122,000.00 and delivering a Mortgage covering the Property as security. (Samons Aff. ¶¶ 1-3) Samons avers that on or about November 6, 2006, BNY, through Wells Fargo, made a demand on the O'Neals for payment of outstanding principal, interest, and late charges in the amount of $14,551.35, (Pl.'s Mem. Supp. Summ. J., Ex. 1)

The Note states that "[t]he whole of said principal sum and the interest shall become due at the option of the Mortgagee ... after default in the payment of any tax, water rate, sewer rent or assessment for thirty days after notice and demand...."

(Def.'s Resp. To Pl.'s Mot. for Summ. J., Ex. B ¶ 4) Pursuant to this clause of the Note, BNY elected to declare the entire unpaid principal and accrued interest due immediately.

BNY has shown that 1) the O'Neals executed the Note and Mortgage; 2) the O'Neals are in default under the Note and Mortgage because of their failure to pay taxes and assessments; and 3) as a result thereof, the Bank is authorized to foreclose on the Property provided as security for the Note. Accordingly BNY has met its initial burden for summary judgment. The burden now shifts to the O'Neals to demonstrate that a genuine issue of material fact exists. To that end, the O'Neals "may not rest upon mere allegations, general denials, or … vague statements … ." *Quiroga* at 500.

To meet their burden, the O'Neals have submitted the affidavit of David O'Neal. O'Neal avers that the Mortgage did not specify terms for repayment of any taxes, assessments, sewer rents, or water rates advanced by the Mortgagee. (O'Neil Aff. ¶ 6) O'Neal also concedes that BNY made payments for property taxes and insurance on behalf of the O'Neals which the O'Neals did not repay. (O'Neil Aff. ¶¶ 7-8) O'Neal also asserts that he and Beryl O'Neal have continued to make payments of principal and interest on the Note. As such, he argues that their failure to repay the "sums advanced for the payment of property taxes and insurance"

does not put them in default under the Note and Mortgage. (O'Neil Aff. ¶¶ 13-14)

Pursuant to the terms of the First Priority Mortgage, the O'Neals are obligated to: 1) keep the buildings on the premises insured in such amounts as the Mortgagee may require; 2) reimburse the Mortgagee for any premiums paid for insurance made by the Mortgagee on the Mortgagor's default in so insuring the buildings or in so assigning and delivering the policies or certificates thereof; 3) pay all taxes, assessments, sewer rents or water rates. If they fail to do so, recognizing such a failure as a default is appropriate. (Pl.'s Mem. Supp. Summ. J., Ex. B ¶¶ 2,4,5)

The O'Neals admit that they failed to pay insurance premiums and taxes. (O'Neil Aff. ¶ 8) The Mortgage clearly permits the Mortgagee to demand payment for the entire principal and interest upon 30 days notice and demand after default in the payment of any tax, water rate, sewer rent or assessment. (Def.'s Resp. To Pl.'s Mot. for Summ. J., Ex. B ¶¶ 4,5) The fact that the Note and Mortgage did not specify a time-frame for repayment of any taxes or assessments paid by the Mortgagee does not limit the Mortgagee's right to trigger the acceleration clause.[3]

---

[3] The Third Circuit has held that "acceleration clauses are nothing special." *Finkle v. Gulf & Western Mfg. Co.*, 744 F.2d 1015, 1024 (3d Cir. 1984).

To prove a genuine issue of fact for trial, the O'Neals must provide evidence, affidavits, or something more than mere arguments and conclusions. Although the O'Neals provide the affidavit of David O'Neal, his affidavit does not present any genuine issues.

The O'Neals also argue that BNY cannot foreclose on the Mortgage because the Mortgage was executed in favor of Barclays Bank International. It is undisputed that this Mortgage was executed by, and in favor of, Barclays Bank International. (O'Neil Aff. ¶¶ 3-4) The assignment of the Deed of Trust from Barclays Bank of New York to BNY is also undisputed. (Samons Aff. ¶ 5)[4] Thus, BNY received a valid assignment and can properly exercise the right of foreclosure previously held by Barclays.[5]

In sum, BNY has established that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. The O'Neals have failed to raise a genuine issue for trial. Accordingly, they have not met their burden to avoid summary judgment.

---

[4] In this transaction, one entity of Barclays, Barclays Bank of New York, assigned to the Bank of New York the interest and rights that Barclays Bank International had in the Deed of Trust executed by Defendants O'Neal to Barclays Bank International. (Pl.'s Mem. Supp. Summ. J., Ex. C)

[5] Generally, "A mortgage is assignable [and the] interpretation of an assignment of a mortgage is governed by rules relating to the construction of contracts." 55 Am. Jur. 2d Mortgages § 1001.

## V. CONCLUSION

For the foregoing reasons, the Court will grant summary judgment in favor of BNY. An appropriate order follows.

                                            S\_____
                                              **Curtis V. Gómez**
                                                **Chief Judge**